United States District Court

Eastern District of Louisiana

Naquin

v.                                         CIVIL ACTION NO. 2:00-cv-02023 C(4)

Nokia Mobile Phones

The record reflects that a Notice of Removal has been filed in the captioned case; accordingly,

Pursuant to 28 U.S.C. 1447(b), the removing party is directed to file within 10 days:

(1) A list of all parties still remaining in this action;

(2) Copies of all pleadings, including answers, filed by those parties in state court; and

(3) Copies of the return on service of process on those parties filed in state court.

New Orleans, Louisiana, July 10, 2000.

By Direction of the Court

LORETTA G. WHYTE, CLERK

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUL -7 PM 2: 23

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARRETT J. NAQUIN AND RONALD LEBLANC | * |
| | * **00-2023** |
| VERSUS | * |
| | * CIVIL ACTION |
| NOKIA MOBILE PHONES, INC., WESTINGHOUSE CORPORATION, NEC AMERICA, INC., ERICSSON INC., MOTOROLA CORPORATION, SPRINT CORPORATION, AUDIOVOX CORPORATION, LGIC CORPORATION, NEXTEL COMMUNICATIONS, INC., PANASONIC CORPORATION, PHILIPS CORPORATION, QUALCOMM CORPORATION, SAMSUNG SDI CO., LTD. AND SAMSUNG ELECTRONICS, SANYO CORPORATION, SONY CORPORATION, AT&T CORPORATION, CELLULAR RENTALS, INC., PLANET CELLULAR COMMUNICATIONS, INC., VISITOR CELLULAR L.L.C., BELLSOUTH MOBILITY AND RADIOFONE | * NUMBER: SECT C MAG 4 SECTION: MAGISTRATE |

* * * * * * * * * *

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

N0529148.5

The notice of removal of BellSouth Mobility Inc ("BellSouth") removing this action from the Civil District Court for the Parish of Orleans, State of Louisiana, and, to the extent required, reserving any and all rights, objections, defenses, and exceptions, respectfully represents as follows:

## BACKGROUND

1.

BellSouth is a Defendant in a civil action filed on May 26, 2000, in the Civil District Court for the Parish of Orleans, State of Louisiana, entitled "Garrett J. Naquin, *et al.* vs. Nokia Mobile Phones, Inc., *et al.*" and given case no. 2000-8313 Div. "G," by that court. Named as Defendants in the Petition are 17 alleged "manufacturers" and five alleged "distributors" of cellular telephones. The five alleged distributor Defendants are: Cellular Rentals, Inc. ("Cellular Rentals"), Planet Cellular Communications, Inc. ("Planet Cellular"), Visitor Cellular L.L.C. ("Visitor Cellular"), Radiofone and BellSouth.

2.

Plaintiffs assert claims on behalf of themselves and a putative nationwide class defined as "all owners of cellular phones manufactured and/or distributed by any of the defendants." Petition, ¶ 1. Plaintiffs allege that the members of the putative class exceed 50 million people. Petition, ¶ 2.

3.

Plaintiffs' essential complaint is that they purchased cellular phones without a headset and that their use is, therefore, dangerous because "the phone receives various transmissions which directs potentially damaging transmission waves directly into the user's ear and brain." Petition, ¶ 8.

4.

Plaintiffs allege that the absence of a headset gives rise to the following claims against the Distributor Defendants[1]: (a) redhibition, Petition, ¶ 18; (b) breach of warranty or contract, Petition, ¶ 18; and (c) failure to warn, Petition, ¶ 19.

5.

Plaintiffs seek damages for (a) the cost of a headset at $30 to $100 per putative class member, (b) medical monitoring costs, and (c) emotional distress for their fear of cancer and injury. Petition, ¶ 22. Plaintiffs also seek attorney's fees as representatives of the putative class. Petition, ¶ 22.

## DIVERSITY OF CITIZENSHIP

6.

This Court has jurisdiction over this matter based on diversity of citizenship. BellSouth and other consenting Defendants seek removal based on the doctrine of

---

[1] Claims asserted separately against the manufacturer Defendants need not be addressed here because all of the manufacturers are diverse in citizenship from the Plaintiffs.

fraudulent joinder. *See, e.g., Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815-16 (5th Cir.), *cert. denied*, 114 S.Ct. 192 (1993); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir.), *cert. denied*, 111 S.Ct. 60 (1990). When the citizenship of parties fraudulently joined is disregarded,[2] there is diversity of citizenship between the named Plaintiffs and the remaining Defendants. Further, the amount in controversy between the named Plaintiffs and the Defendants exceeds $75,000, exclusive of interest and costs.

7.

Once this Court exercises diversity jurisdiction over the controversy between the named Plaintiffs and the Defendants, the Court should exercise supplemental jurisdiction over the claims of the remaining putative class members pursuant to 28 U.S.C. §1367(a).

8.

Cellular Rentals, Planet Cellular, and Visitor Cellular (hereinafter "Non-diverse Defendants"), have been fraudulently joined as Defendants in this case, and Plaintiffs

---

[2] Although diversity jurisdiction under 28 U.S.C. § 1332 requires that each plaintiff be diverse in citizenship from every defendant, the citizenship of a party fraudulently joined with no real connection to the controversy will be ignored for purposes of determining diversity jurisdiction.

have not stated and cannot state a cause of action against them. Complete diversity exists when these fraudulently joined Defendants are disregarded.

9.

Plaintiffs are and were citizens of the State of Louisiana both at the time of filing the suit and at the time of removal. Petition, Introduction.

10.

BellSouth is and was a Georgia Corporation with its principal place of business in Georgia both at the time of filing the suit and at the time of removal.

11.

Nokia Mobile Phones, Inc. is and was a Delaware corporation with its principal place of business in Texas both at the time of filing the suit and at the time of removal.

12.

Westinghouse Electric Company, L.L.C. is the recipient via mail of the citation and petition which the Plaintiffs attempted to serve on "Westinghouse Corporation." Westinghouse Electric Company, L.L.C. is not now nor has it ever been known by the name "Westinghouse Corporation," nor has it ever engaged in any business activity related to the operative facts asserted in the petition. Moreover, no company known as "Westinghouse Corporation" is or was a citizen of Louisiana at the time of filing suit or at the time of removal. *See* Secretary of State listing, attached as Exhibit 4.

13.

NEC America, Inc. is and was a New York corporation with its principal place of business in Texas both at the time of filing the suit and at the time of removal.

14.

Ericsson, Inc. is and was a Delaware corporation with its principal place of business in Texas both at the time of filing the suit and at the time of removal.

15.

Motorola, Inc. (improperly named in the Petition as "Motorola Corporation") is and was a Delaware corporation with its principal place of business in Illinois both at the time of filing the suit and at the time of removal.

16.

Sprint Corporation is and was a Kansas corporation with its principal place of business in Kansas both at the time of filing the suit and at the time of removal.

17.

Audiovox Corporation is and was a Delaware corporation with its principal place of business in New York both at the time of filing the suit and at the time of removal.

18.

LGIC Corporation is and was a corporation organized and existing under the laws of Korea with its principal place of business in Korea both at the time of filing the suit and at the time of removal.

19.

Nextel Communications, Inc. is and was a Delaware corporation with its principal place of business in Virginia both at the time of filing the suit and at the time of removal.

20.

"Panasonic Corporation" does not exist and has not been served.

21.

To the best of BellSouth's knowledge, "Philips Corporation" does not exist. Nevertheless, the State Court record indicates that service was made on "Philips Corporation" through its agent. Philips Electronics North America Corporation, which has not been served, is and was a Delaware corporation with its principal place of business in New York both at the time of filing the suit and at the time of removal. There is no "Philips Corporation" that is affiliated with Philips Electronics North America Corporation.

22.

QUALCOMM Incorporated (improperly named in the Petition as "Qualcomm Corporation") is and was a Delaware corporation with its principal place of business in California both at the time of filing the suit and at the time of removal.

23.

Samsung SDI Co., Ltd. and Samsung Electronics are corporations organized under

the laws of the nation of Korea, with their principal place of business in Seoul both at the time of filing the suit and at the time of removal.

24.

"Sanyo Corporation" does not exist. Nevertheless, the State Court record indicates that service was made on "Sanyo Corporation" through its agent. Sanyo Fisher Company, a division of Sanyo North America Corporation, is and was a corporation organized under the laws of Delaware with its principal place of business in California both at the time of filing the suit and at the time of removal.

25.

Sony Corporation is and was a corporation organized under the laws of the nation of Japan with its principal place of business in Japan both at the time of filing the suit and at the time of removal.

26.

AT&T Corporation is and was a New York corporation with its principal place of business in New Jersey both at the time of filing the suit and at the time of removal.

27.

Plaintiffs sued "Radiofone, a corporation incorporated outside of Louisiana." The only "Radiofone" corporation incorporated outside of Louisiana--as described in the petition--is Radiofone, Inc. (of Tennessee). Radiofone, Inc. (of Tennessee) is and was

a Tennessee corporation with its principal place of business in Tennessee both at the time of filing suit and at the time of removal.

## THE FRAUDULENTLY JOINED DEFENDANTS

28.

Each of the Non-diverse Defendants was fraudulently joined because Plaintiffs do not and cannot establish any claims against them.[3]

29.

Plaintiffs have not alleged that they purchased a cellular phone from any of the Non-Diverse Defendants, which is a necessary element of every claim asserted against these Non-diverse Defendants.

30.

Plaintiffs have not alleged that they purchased cellular phones from the Non-diverse Defendants because the facts do not support such an allegation. Counsel for Plaintiffs has informed BellSouth that one of the named Plaintiffs, Garrett J. Naquin, purchased his cellular phone from a party not named as a defendant in this suit.

---

[3] "Fraudulent joinder" does not require proof of fraud. *See, e.g., Burden*, 60 F.3d at 217. Rather, a defendant claiming fraudulent joinder must show either that the plaintiff cannot establish the alleged cause of action against the non-diverse defendant or that plaintiff has pled jurisdictional facts solely to bring the case in state court. *Id.* at 216. BellSouth is not admitting that the remaining diverse Defendants were properly joined or that Plaintiffs have stated colorable causes of action against them. The propriety of joinder of the remaining Defendants need not be resolved in connection with this removal.

31.

Cellular Rentals did not sell either named Plaintiff a cellular phone. *See* Declaration of Daniel J. Garvey, attached as Exhibit 6.

32.

Nor did Plaintiffs purchase a phone from Visitor Cellular. Visitor Cellular only rented cellular phones; it did not sell them. *See* Affidavit of Anthony G. Moore, attached as Exhibit 5.[4] Accordingly, Plaintiffs can state no claim against Visitor Cellular arising from the purchase or ownership of a cellular phone.

33.

Although Radiofone, Inc., a Louisiana corporation, is not named in the Petition, neither it nor any of its affiliates have records of customers by the names of Garrett J. Naquin or Ronald Leblanc, residents of Terrebonne Parish.[5] Affidavit of Mary Ann Hebert, attached as Exhibit 7.

34.

Planet Cellular was dissolved in accordance with state law. *See* Certificate of Dissolution, dated March 28, 2000, attached as Exhibit 9. Once a corporation is

---

[4] Plaintiffs assert claims predicated exclusively on the purchase of cell phones, not their lease, and the proffered class definition includes only owners of phones who purchased them; it does not include lessees. Petition, ¶1.

[5] Radiofone, Inc. (of Tennessee), the named Defendant, does not sell cellular phones in Louisiana and did not sell a cellular phone to Garrett Naquin or Ronald LeBlanc of Terrebonne Parish. Affidavit of Kelly King, attached as Exhibit 8.

dissolved in accordance with state law, its citizenship is disregarded for purposes of determining diversity jurisdiction. *See Village of Montpelier v. Riche, Chenevert and Andress Constr Co.*, 43 B.R. 736, 738 (M.D. La. 1984)(Because corporation had only been liquidated in bankruptcy and not dissolved in accordance with Louisiana law, court had to consider its citizenship).

35.

Plaintiffs' claims of redhibition, breach of warranty and/or failure to warn against the Non-diverse Defendants also fail because:

(a) The cell phones functioned properly for their ordinary use--completing cellular telephone calls;

(b) The absence of a headset was known to the buyer at the time of the sale or should have been discovered by a reasonably prudent buyer;

(c) Non-manufacturing sellers had no duty to inspect a product for inherent vices or defects prior to sale and have no duty to warn or instruct buyers on proper use; and

(d) Sellers of unaltered, prepackaged products can reasonably rely on the assumption that a product is not defective.

*See Williams v. General Motors Corp.*, E.D. La. Civ. Action No. 99-2527 (November 8, 1999), a copy of which is attached as Exhibit 10; *In Re Air Bag Products Liability Litigation*, 7 F. Supp.2d 792 (E.D. La. 1998); *Badon v. R.J.R. Nabisco*, W.D. La, Civ.

Action Number 98-0215 (April 17, 1998), a copy of which is attached as Exhibit 11; *Lonkowski v. R.J. Reynolds Tobacco Co.*, 1996 WL 888182 (W.D. La); *Strickland v. Brown Morris Pharmacy, Inc.*, 1996 U.S. Dist. LEXIS 14131.[6]

36.

Because Plaintiffs do not and cannot establish a claim against the Non-diverse Defendants, they were joined only to defeat federal diversity jurisdiction, and their joinder, therefore, is "fraudulent." Their citizenship should be ignored for purposes of determining the propriety of this removal. Accordingly, complete diversity of citizenship exists with respect to the properly named and joined parties.

## AMOUNT IN CONTROVERSY

37.

The amount in controversy, exclusive of interest and costs, exceeds $75,000 for several reasons.

38.

First, in addition to seeking the cost of headsets, Plaintiffs seek damages for "fear of cancer." Petition, ¶¶ 17, 22. Although BellSouth denies that Plaintiffs are entitled to any such damages, Louisiana courts have awarded damages for such claims under

---

[6] In addition, federal law preempts Plaintiffs' claims against these and all Defendants. *See, e.g., Verb v. Motorola, Inc.*, 672 N.E.2d 1287 (Ill. App. 1996), *appeal denied*, 172 Ill. 2d 568 (1997); *Schiffner v. Motorola, Inc.*, 697 N.E.2d 868 (Ill. App.), *appeal denied*, 179 Ill. 2d 618 (1998), *cert. denied*, 119 S. Ct. 1250 (1999).

certain circumstances. *E.g., Manuel v. Shell Oil Co.*, 664 So. 2d 470 (La. App. 5th Cir. 1995)(affirmed a general damage award of $250,000, including damages for fear of cancer); *Wisner v. Illinois Cent. Gulf R.R.*, 537 So. 2d 740 (La. App. 1st Cir. 1988) (affirming award of general damages of $2.2 million, including damages for fear of cancer), *writ denied*, 540 So. 2d 342 (La. 1989).[7]

39.

Second, Plaintiffs seek attorney's fees as representative of the putative class. Under Louisiana law, attorney's fees are awarded to the representative parties rather than the class as a whole. La. Code Civ. Proc. art. 595A; *In re Abbott Laboratories*, 51 F.3d 524, 526-27 (5th Cir. 1995), *aff'd on other grounds*, 120 S.Ct. 1578 (2000). Plaintiffs, if successful, may recover attorney's fees as an element of damages for their redhibition claim. La. Civ. Code art. 2545.[8]

40.

Plaintiffs estimate the size of the putative nationwide class as exceeding 50 million members and allege that the redhibition damages of each are, at a minimum,

---

[7] Plaintiffs also seek damages for medical monitoring. La. Civ. Code art. 2315 precludes consideration of medical monitoring as an element of damages unless the plaintiff has already manifested an illness or condition.

[8] Attorney's fees may also be awarded to a successful plaintiff under Louisiana's Unfair Trade Practice and Consumer Protection Act ("LUTPA"). *See* La. R.S. 51:1409. Although LUTPA prohibits class actions, *id.*, Plaintiffs could also recover attorney's fees for their individual LUTPA claims against the manufacturers, if successful.

$30, and up to $100. Therefore, from the face of the Petition, Plaintiffs claim redhibition damages on behalf of the class of $1.5 billion or more (50 million putative class members x $30).[9] Because attorney's fee awards are typically proportionate to the size of the damages sought, it is facially apparent that the attorney's fees sought for the class–which are allocated to the named Plaintiffs–exceed $75,000.[10] Indeed, even if a Plaintiffs' class were awarded $15 million as redhibition damages -- just one percent of the amount claimed on the face of the Petition -- and if Plaintiffs were awarded just one percent of that as attorney's fees, the attorney's fee award would still equal $150,000, double the jurisdictional requisite.

41.

Moreover, the jurisprudence reflects that on at least one occasion, counsel for named Plaintiffs here were awarded attorney's fees in excess of $135,000 for an *individual,* not class, redhibition claim, and the fee award was almost twice as much as the damages. *Nassif v. Sunrise Homes, Inc.*, 793 So. 2d 183, 185 (La. 1999)(redhibition

---

[9] BellSouth denies (1) that Plaintiffs are entitled to any damages; (2) that this case is appropriate for class treatment; and (3) that any properly defined class satisfies numerosity. Further, BellSouth is not suggesting here that the redhibition damages sought by the class are the basis of determining the amount in controversy. Rather, the redhibition damages sought by the class affords a method of demonstrating that the amount in controversy with respect to attorneys fees, which are sought by the named Plaintiffs, exceeds $75,000.

[10] $75,000 is 1/20,000th of the claimed redhibition damages.

damages of $72,587.43 and attorney fee award of $135,928.31 affirmed by Louisiana Supreme Court).

42.

Plaintiffs seek a jury in their Petition. The jurisdictional minimum for a jury trial in Louisiana is $50,000. La. Code Civ. Proc. art. 1732(1). Thus, Plaintiffs value their claim at a minimum of $50,000.

43.

Jurisdiction over the remainder of the putative class is appropriate under the Court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). "[U]nder § 1367 a district court can exercise supplemental jurisdiction over members of a class, although they did not meet the amount-in-controversy requirement, as did the class representatives." *In re Abbott Laboratories*, 51 F.3d at 529.

## REMOVAL IS PROPER

44.

BellSouth was served with the Petition on June 12, 2000. The first service on any Defendant was June 7, 2000. *See* returns on service attached as Exhibit 2 *in globo*. Accordingly, this notice is timely filed within 30 days after the first service on any Defendant of the pleading setting forth the claims for relief and is filed within one year of the filing of the petition. 28 U.S.C. § 1446(b).

45.

All properly joined and served Defendants consent to, expressly authorize, and join in, the removal of this suit.[11] *See* Consent to Removal of Westinghouse, NEC America, Ericsson, Motorola, Sprint, Audiovox, Nextel, Philips, QUALCOMM, Sanyo, and AT&T, attached hereto as Exhibit 3 *in globo*.

46.

The following Defendants have not been served and, therefore, their consent to the removal is not required: LGIC, Nokia, Panasonic Corporation, Sony Corporation, Samsung SDI Co., Ltd., and Samsung Electronics,[12] *See Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988) (only served defendants need consent to removal). Radiofone, Inc. of Tennessee also consents to removal out an abundance of caution. *See* Consent to Removal of Radiofone, Inc. of Tennessee included as part of Exhibit 3.

---

[11] All Defendants expressly reserve all rights, including the right to contest service and joinder in this suit, and thus no Defendant concedes proper joinder and service. In particular, because of the attempted service on other or non-existent entities as reflected either in the State Court record or by the receipt of the Petition, Westinghouse Electric Company, L.L.C., Sanyo Fisher Company, and Philips Electronics North America Corporation consent to the removal in an abundance of caution without waiving any rights, including the right to contest service and jurisdiction. Radiofone, Nokia and Nextel have not been served; they, like all consenting Defendants, consent to the removal without waiver of any rights, including the right to contest service and jurisdiction.

[12] With the exception of Radiofone, Plaintiffs specifically asked that service be withheld on these Defendants on the service list attached to the Petition. *See* Petition, pp. 8-9.

Case 2:00-cv-02023-ILRL   Document 1   Filed 07/07/2000   Page 18 of 20

47.

The consent of the fraudulently joined defendants--Planet Cellular, Visitor Cellular, and Cellular Rentals--is not required for removal. *See Walker v. Nabors Offshore Drilling, Inc.*, 91 F. Supp.2d 907, 909 (E.D. La. 2000).

48.

The following Defendants named in the Petition do not exist and, therefore, consent to removal obviously cannot and need not be obtained from non-existent entities: Panasonic Corporation, Westinghouse Corporation, Philips Corporation, and Sanyo Corporation. *See also* footnote 11, *supra*,

49.

The United States District Court for the Eastern District of Louisiana is the federal judicial district embracing the Civil District Court for the Parish of Orleans, where the suit was originally filed. 28 U.S.C. § 98(a). Venue, therefore, is proper in this District under 28 U.S.C. § 1441(a).[13]

50.

This Court, therefore, has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Removal of this action to this Court is proper pursuant to 28 U.S.C. § 1441.

---

[13] BellSouth denies that the Civil District Court for the Parish of Orleans was the proper venue for the state court action. The propriety of the venue in state court, however, need not be resolved in connection with this removal.

N0529148.5                    17

51.

BellSouth attaches as Exhibit 1 *in globo* a copy of the petition and all process, orders, and pleadings served upon it.

52.

Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that a copy of the original Notice of Removal will be served promptly on Plaintiffs and filed with the Clerk of Court for the Civil District Court for the Parish of Orleans.

WHEREFORE, BellSouth Mobility Inc. prays that its Notice of Removal be deemed good and sufficient.

Date: July 7, 2000             Respectfully submitted,

_____
DAVID G. RADLAUER (#11058)
EDWARD H. BERGIN, T.A. (#2992)
NAN ROBERTS EITEL (#19910)
GENEVIEVE H. SALASSI (#25232)
MATTHEW BROWN (#25595)
Jones, Walker, Waechter, Poitevent,
  Carrere & Denegre L.L.P.
201 St. Charles Avenue - 49th Floor
New Orleans, LA 70170-5100
Telephone (504) 582-8000
Attorneys for Defendant, BellSouth Mobility Inc

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all

parties or their counsel of record by placing same in the U.S. mail, properly addressed and postage prepaid, this 7th day of July, 2000.

_____