FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 28 AM 11: 26

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARRET J. NAQUIN ET AL., | CIVIL ACTION |
| VERSUS | 00-2023 |
| NOKIA MOBILE PHONES, INC. ET AL., | SECTION: B (4) |

## ORDER AND REASONS

Before the Court is the Defendants' Motion for Summary Judgment (Rec. Doc. No. 126). Defendants, manufacturers and distributers of cellular telephones, removed this putative, national class action filed by Plaintiffs from Civil District Court in Orleans Parish. After a motion to remand was denied by the court, Defendants filed a motion for judgment on the pleadings arguing that Plaintiffs' redhibition claim must fail because the absence of the headset was obvious and that Plaintiffs' medical monitoring claim was legally defective because Plaintiffs could not allege or prove exposure to a proven hazardous substance that causes disease at a higher rate than would otherwise generally occur in the population.

1

DATE OF ENTRY
AUG 2 8 2001

Plaintiffs filed an opposition to Defendants' motion and also indicated that they would soon file an Amended Complaint dismissing certain claims and restating others. Accordingly, Defendants' second Motion for Judgment on the Pleadings was continued by agreement and denied without prejudice to re-urge it by the Court. Plaintiffs then filed their Amended Complaint, in which they deleted all claims for medical monitoring and emotional distress or fear of cancer. Two additional named Plaintiffs also joined the suit. This motion for Summary Judgment was brought by Defendant Radiofone, Inc.

Radiofone, argued that Summary Judgment should be granted in their favor dismissing Plaintiffs' claims of redhibition and Magnuson-Moss Warranty Act because both causes of action depend on the existence of a contract of sale; there was no contract of sale between Plaintiffs and Radiofone. Moreover, Radiofone argued, while it may be conceivable that there are unnamed Plaintiffs who may have contracted to sale with Radiofone, only claims by the named plaintiffs may be considered, not those of the potential members of the proposed class.

Plaintiffs, in opposition, contend that in the ordinary case Radiofone would be correct in seeking dismissal of Plaintiffs' claims in redhibition and warranty. However, in the present matter Plaintiffs appear as representatives of a class of individuals similarly situated who seek redress against a group and/or class of defendants for breach of warranty and redhibitory defects. Moreover, recovery is sought on the basis that Defendants, in a concerted activity, concealed their products redhibitory defects and thereby breached the warranty of fitness. Thus, argued Plaintiffs, there is no need to demonstrate direct dealings with each Defendant.

There is no genuine issue of material fact that Defendant Radiophone did not engage in the sell of a cellular phone to any Plaintiff as required to assert a claim in redhibition and under the Magnuson Moss Warranty Act. Moreover, this court has already held that the claims of potential members of a potential class are irrelevant in determining if there is a viable cause of action against a defendant; only the claims of the named plaintiffs may be considered. Therefore, Defendant Radiofone's

3

Motion for Summary Judgment be GRANTED.

Summary judgment is only appropriate if "there is no genuine issue as to any material fact...and the moving party is entitled to judgment as a matter of law." *Ayo v. Johns-Mansville Sales Corp.*, 771 F.2d 902, 904 (5th Cir. 1985); FED. R. CIV. P. 56(c). In performing a summary judgment analysis, the court must look at the evidence in the light most favorable to the nonmoving party and must accept the facts pled by a non-movant as true, making a determination based on that evidence as to whether genuine issues of material fact exist. *See, e.g., Matsushita Elec. Indus. Co. v. Zenigh Radio Corp.*, 475 U.S. 574, 57-88, (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In opposition to Defendant's motion for summary judgment, Plaintiffs argue that the question of Radiofone's liability is not limited to whether each named plaintiff personally has a cause of action against Radiofone, but whether the plaintiffs have stated a cause of action on behalf of the purported class against Radiofone. In support of this argument Plaintiffs cite to *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1288, 1291

4

n.8 (11th Cir. 1988), *Thillens v. Community Currency Exch. Assoc. of Ill., Inc.*, 97 F.R.D. 668, 675-76 (N.D. Il. 1983), and *In re Itel Sec. Litig.*, 89 F.R.D. 104, 119 (N.D.C.A. 1981). Plaintiffs argument is deficient for two reasons.

First, Plaintiffs reliance on *Triggs*, *Thillen*, and *Itel* is in error. *Triggs* involved the determination of whether members of the putative class should have been considered in deciding if a defendant was fraudulently joined. *Triggs*, 154 F.3d at 1287-88. In ruling that defendant was not fraudulently joined, the court reasoned that when determining citizenship for purposes of diversity jurisdiction, only the citizenship of the named plaintiffs are considered. *Id.* Moreover, the court noted that even if only named plaintiff had been considered, then defendant still would not have been fraudulent joined. *Id.*

Neither *Thillen* nor *Itel* are relevant to the issue before this court. Both cases concerned certification of a defendant class and whether or not a named defendant may represent the class when he was not subject to liability to every plaintiff. The parties and the court here have yet to address class

certification and are only concerned with the question of whether the named Plaintiffs may maintain a cause of action in redhibition and warranty against Radiofone when neither Plaintiff of them had a contractual relationship with that Radiofone.

Second, Plaintiffs argument also completely ignores this court's earlier ruling that the claims of potential members of a potential class were irrelevant in determining if there was a viable cause of action against defendant. In this court's Order and Reasons entered on November 9, 2000, it was determined that because Defendant Visitor did not sell a cell phone to any of the named plaintiffs. There was no justification for bringing and no possibility of maintaining a cause of action against defendant.

While Plaintiffs recognized that this court's earlier ruling would hold true were this an ordinary case, Plaintiffs argue that this case is different because the causes of action against defendants are based on defendants' concerted activities in concealing their products redhibitory defects and thereby breaching the warranty of fitness. Again Plaintiffs relied on *Triggs*, *Thillens*, and *In re Itel Sec. Litig.* and argued that

6

where defendants are alleged to have acted in concert, plaintiffs do not need to demonstrate direct dealings with each defendant; rather, plaintiffs need only allege that the defendants have acted in concert to produce the harm claimed. Again, Plaintiffs reliance on these cases was misguided.

*Thillens*, and *In re Itel Sec. Litig.* involved causes of action in which the law already recognized conspiracy claims. Both cases were concerned the propriety of a defendant class action and recognized the general rule that at least one named plaintiff must have a cause of action against each defendant. *See Thillens, Inc.* 97 F.R.D. at 674-76 (involving claim by currency exchange company against trade association asserting violations of federal and Illinois antitrust laws, RICO, and various Illinois state causes of action, but not breach of warranty); *see also In re Itel Securities Litig.*, 89 F.R.D. at 116-19 (involving allegations of violations of federal and California securities laws, as well as claims under California law for fraud, deceit and negligence). Moreover, while each case recognized two limited exceptions to this rule, neither

7

authorized the creation of a conspiracy cause of action where one did not already exist in the law.

While Louisiana law does recognize causes of action based on conspiracy to commit a tort, there has yet to be such a cause of action based on conspiracy in contract. Plaintiffs cite to no cases of such a proposition and plaintiffs unequivocally state that they are not asserting a tort cause action. Most importantly, there is no independent cause of action for civil conspiracy. *Aranyisu v, Delchamps, Inc.*, 739 So.2d 911, 917, (La. App. 1st Cir. 1999); *Johnson v. CHL Enterprises*, 115 F. Supp.2d 723, 731 (W.D. La. 2000). The cause of action is the tort the alleged conspirators agreed to perpetrate and which they actually committed. *Id.* As there is no tort, any claim of conspiracy or concerted action is, therefore irrelevant for purposes for a motion for summary judgment.

An action in redhibition is dependent on the existence of a contract of sale. *Johnson v. CHL Enterprises*, 115 F. Supp.2d 723, 731 (W.D. La. 2000). An action under the Magnuson-Moss Warranty Act also requires that there be a sale of a consumer

8

product by the person or entity against whom the action is brought. *D.L. Lee & Sons, Inc. v. ADT Security Systems, Mid-South, Inc.*, 916 F. Supp. 1571, 1580-81 (S.D. Ga 1995), *aff.*, 77 F.3d 498 (11th Cir. 1996). Defendant, Radiofone, was not involved in the sale of cellular phones with either plaintiff. On this, there was no genuine issue of material fact. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**.

Aug. 27, 2001

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE